GUIDRY, Justice.
 

 11 This matter arises from a recommendation of the Judiciary Commission of Louisiana regarding Justice of the Peace Kevin Hoffman’s failure to comply with the financial disclosure requirements of Louisiana Supreme Court Rule XXXIX (also referred to as the “reporting rule”). The Judiciary Commission (hereinafter, “Commission”) found that Justice of the Peace Hoffman failed to file his 2009 personal financial disclosure statement timely, specifically 103 days after the deadline for filing, thereby subjecting him to a monetary penalty. The Commission deemed Justice of the Peace Hoffman to have acted willfully and knowingly in failing to comply with the financial disclosure rule. Thus, the Commission recommended that Justice of the Peace Hoffman be ordered to pay a penalty of $5,150.00 and to reimburse the Commission for costs in the amount of $168.00. For the reasons set forth below, we find that Justice of the Peace Hoffman failed to comply with the financial disclosure rule, thereby subjecting him to a civil monetary penalty. We further find the record evidence supports the hearing officer’s determination that Justice of the Peace Hoffman’s failure to comply with the reporting rule was not willful and knowing. After considering the facts, circumstances, and applicable law, Justice of the Peace Hoffman is ordered to pay a civil penalty in the amount of $200.00.
 

 1,FACTS and PROCEDURAL HISTORY
 

 This court recently promulgated Supreme Court Rule XXXIX, which requires for the first time the filing of annual personal financial disclosure statements by judges and justices of the peace.
 
 See In
 
 
 *457
 

 re: Sanborn,
 
 10-2051, p. 2 (La.11/30/10), 50 So.3d 1279. The rule became effective as to justices of the peace on January 1, 2010. Pursuant to Section 3 of the rule, all elected justices of the peace must file a financial statement by May fifteenth of each year, using a form prescribed by the Judicial Administrator’s Office (“JAO”) for that purpose. Rule XXXIX, Section 3(A) and (B). If a justice of the peace fails to timely file a financial disclosure statement as required by the rule, or omits any information required to be included in the statement, or the JAO has reason to believe the information included in the statement is inaccurate, the JAO must notify the justice of the peace of such failure, omission, or inaccuracy by certified mail. Rule XXXIX, Section 4(A). The notice of delinquency shall inform the justice of the peace that the financial statement must be filed, or that the information must be disclosed or accurately disclosed, or that a written answer contesting the allegation of such a failure, omission, or inaccuracy must be filed within fourteen days. Rule XXXIX, Section 4(A)(2). If the justice of the peace files the statement, provides the omitted information, or corrects the inaccurate information within the deadline, no penalties shall be assessed. Rule XXXIX, Section 4(B).
 

 However, if the justice of the peace fails to file the statement, fails to provide the omitted information, fails to correct the inaccurate information, or fails to file a written answer prior to the fourteen-day deadline, the matter shall be referred to the Commission. Rule XXXIX, Section 4(C)(1). In turn, if the Commission determines that the justice of the peace may have failed to file the statement or failed to disclose | oor accurately disclose the required information, the matter shall be the subject of a hearing before a hearing officer. Rule XXXIX, Section 4(F).
 

 A hearing before a hearing officer is limited to three issues: whether the justice of the peace failed to file a financial'statement; whether the justice of the peace failed to disclose or accurately disclose the required information; and whether the failure was willful and knowing. Rule XXXIX, Section 4(F)(3). The hearing officer submits a report to the Commission containing proposed findings of fact and conclusions of law, which report is then considered by the Commission. Rule XXXIX, Section 4(F)(4). If the Commission determines the justice of the peace has failed to file a statement, or failed to disclose or accurately disclose the required information, the Commission shall file the record and a recommendation with this court.
 
 [1]
 
 Rule XXXIX, Section 4(F)(6). In that event, the Commission shall recommend the imposition of civil penalties against the justice of the peace, and shall also make a recommendation as to whether the violation was willful and knowing.
 
 Id.
 

 Once the recommendation is filed in this court, Rule XXXIX, Section 4(F)(7) provides that the case shall be docketed “summarily” for oral argument, and the court’s judgment “shall be rendered promptly following argument.” If the court determines no violation has occurred, no penalty shall be assessed. Rule XXXIX, Section 4(F)(7). If the court determines that a violation has occurred, civil penalties of up to fifty dollars per day shall be assessed against the justice of the peace. Rule XXXIX, Section 4(F)(7)(b).
 
 [2]
 
 Further, in
 
 *458
 
 the event the court determines that the Injustice of the peace acted willfully and knowingly, the court shall forward its findings for action by the district attorney in the parish where the justice of the peace is domiciled. Rule XXXIX, Section 4(F)(8).
 

 The instant case is the first recommendation filed by the Commission against a justice of the peace pursuant to Rule XXXIX.
 
 [3]
 
 Two similar cases involving a justice of the peace have also been decided this date.
 
 See In re: Flaherty,
 
 11-0418 (La.07/01/11), 66 So.3d 461;
 
 In re: Thomas,
 
 11-0572 (La.07/01/11), 66 So.3d 466.
 

 Justice of the Peace Hoffman (hereinafter, “Respondent”), who is not an attorney, assumed office as the justice of the peace for Ward “A” of St. Bernard Parish in January 2009. In 2009, the JAO made a presentation at the Attorney General’s training conference for justices of the peace regarding the May 15, 2010 deadline for filing the personal financial disclosure statement for 2009 (hereinafter referred to as the “2009 statement”). Respondent was in attendance at this session; however, he did not file his 2009 statement by May 15, 2010. After a JAO staff attorney contacted him to inquire about his non-compliance, Respondent requested another filing form be sent to him. The form was faxed to Respondent on June 3, 2010, at the number he provided, but he did not immediately file his financial disclosure statement. Accordingly, on June 16, 2010, the JAO sent Respondent a notice of delinquency advising him that the 2009 statement “must be filed no later than fourteen (14) business days after receipt of this notice of delinquency, or by July 8, 2010.”
 
 [4]
 
 The notice of delinquency also stated that failure to file the 2009 statement by the deadline “shall result in the imposition of penalties as provided in Section 4 |sof Rule XXXIX.” Respondent did not submit a written response to the notice of delinquency by July 8, 2010. On July 23, 2010, the JAO referred the matter to the Commission, based upon his failure to timely file the 2009 statement. Respondent eventually filed the 2009 statement on October 19, 2010, after the Commission filed a Formal Charge against him.
 
 [5]
 

 This matter was set for a hearing before a hearing officer on November 19, 2010. Respondent appeared and testified at the hearing, although he had not filed an answer to the Formal Charge. A JAO staff attorney also testified. In his comments to the hearing officer, Respondent admitted he had received notice of his need to file the disclosure statement and apologized for not doing so timely, stating, “There is no excuse. I’m not going to waste anybody’s time with stories and shenanigans and this other stuff.... I will
 
 *459
 
 be first in line next year to get it done.” Respondent explained, however, that he had thought the financial disclosure form was “tax related,” and therefore he assumed the extension he had obtained to file his federal tax return applied to the filing of the personal financial disclosure statement.
 
 [6]
 
 Respondent acknowledged his error in this regard and stated he “did make a mistake.”
 

 Following the hearing, the hearing officer filed findings of fact and conclusions of law with the Commission. In his report, the hearing officer found that Respondent was contrite about his admitted failure to timely file his 2009 Statement, and that he accepted responsibility for his failure. The hearing officer further found that | fiRespondent’s conduct was not willful and knowing, reasoning:
 

 JP Hoffman admitted that he knew he should have filed the 2009 Statement by May 15, 2010. Although JP Hoffman’s conduct in failing to file 2009 Statement timely was undeniably negligent and frankly inexcusable, the hearing officer, nevertheless, declines to find that JP Hoffman willfully and knowingly violated the Reporting Rule. There is no evidence that JP Hoffman acted in bad faith or purposefully chose not to file the 2009 Statement to obtain any personal or professional gain.
 
 See Sanborn[].
 
 This is a case of mere neglect, not willful and knowing disobedience of the Reporting Rule.
 

 Following the filing of the report containing the hearing officer’s findings, the Commission invited, but did not order or require, Respondent to appear before the Commission on January 21, 2011, to make a statement in response to the hearing officer’s report. Respondent did not attend the January meeting.
 

 On March 1, 2011, the Commission filed its recommendation in this court. In its report, the Commission adopted all of the hearing officer’s proposed conclusions of fact and law except the finding that Respondent’s failure to file the 2009 statement was not willful and knowing. The Commission reasoned that Respondent admitted he knew he should have filed the 2009 Statement by May 15, 2010, but did not file it; therefore, his conduct was “knowing.” Further, by ignoring the filing deadline of which he was fully aware, Respondent voluntarily and intentionally did not file the 2009 statement timely. Thus, the Commission found his failure to file the statement timely was also “willful.” While the Commission found no dishonest motive on the part of Respondent, it declined to extend to him the benefit of the doubt that was extended by the court in
 
 In re: Morvant,
 
 09-747 (La.6/26/09), 15 So.3d 74, and
 
 Sanborn, supra.
 

 Based upon these findings, the Commission determined that the burden of 17persuasion was satisfied.
 
 [7]
 
 The Commission calculated the length of the delay from the deadline set forth in the delin
 
 *460
 
 quency notice, July 9, 2010, to be 103 days, using the date Justice of the Peace Hoffman submitted a hard copy of his financial disclosure statement to the JAO, October 19, 2010. Accordingly, the Commission recommended Respondent be ordered to pay $5,150.00 in penalties, citing the former version of Section 4(F)(7), which has since been amended to provide for a penalty of up to fifty dollars per day.
 
 See
 
 Note 2,
 
 supra.
 
 The Commission further recommended Respondent be ordered to reimburse the Commission $168.00 in costs.
 
 [8]
 

 DISCUSSION
 

 After our review, we find the record establishes by clear and convincing evidence that Respondent did not timely file his financial disclosure.
 
 See Sanborn,
 
 p. 4, 50 So.3d at 1281. Indeed, Respondent admitted his failure before the hearing officer. Accordingly, the imposition of a civil sanction is appropriate.
 

 Having found Respondent in violation of Rule XXXIX, we next decide whether his violation was “willful and knowing” under Rule XXXIX, Section 4(F)(8). Although Respondent’s conduct was certainly negligent and inexcusable, we find the record evidence supports the hearing officer’s conclusion that Respondent did not willfully and knowingly violate Rule XXXIX. As we explained in
 
 San-born,
 
 the financial disclosure rule is a newly adopted rule of this court, applicable to justices of the peace for the first time in 2010, and “there is little guidance regarding its implementation.”
 
 Sanborn,
 
 p. 6, 50 So.3d at 1282. There is no evidence Respondent acted in bad faith or purposely chose not to file his financial disclosure statement to Robtain some personal or professional gain.
 
 See Id.,
 
 50 So.3d at 1282-83. As in
 
 Sanborn,
 
 this is a case of “mere neglect,” not willful and knowing disobedience of the financial disclosure rule. We thus acknowledge that some leniency is appropriate, given the financial disclosure rule became effective as to justices of the peace only in 2010, and given the possibility that justices of the peace, who are not necessarily attorneys, may have confused the financial disclosure rule with other financial reporting requirements.
 
 See Flaherty,
 
 11-0418. We nevertheless caution justices of the peace that in future such leniency or benefit of the doubt will not be extended now that the financial disclosure rule has been in effect for more than one year. As we noted in
 
 Sanborn,
 
 judges, as well as justices of the peace, are held to a high standard, and they are “often called upon to enforce deadlines on litigants before [their courts], and must likewise show respect for the deadlines this Court has imposed on all judges [and all justices of the peace] of this State, without exception.”
 
 Sanborn,
 
 pp. 6-7, 50 So.3d at 1283.
 

 We next turn to an appropriate penalty for Respondent’s failure to file his financial disclosure statement timely under Rule XXXIX, Section 4(F)(7)(b), as recently reenacted by this court. We find that a civil penalty of $200.00 is appropriate under the facts and circumstances of this case.
 

 CONCLUSION
 

 We find the record establishes that Justice of the Peace Hoffman failed to comply with the financial disclosure requirement of Rule XXXIX, thereby subjecting him to a civil monetary penalty. We further find that his failure to comply with the financial disclosure rule did not rise to the level of a willful and knowing violation. Accordingly, Justice of the Peace Hoffman is or
 
 *461
 
 dered to pay a civil penalty to the State of Louisiana, Judicial Branch, in the amount of $200.00, no later than thirty |fldays from the finality of this judgment.
 

 [1]
 

 . If the Commission decides no violation has occurred, no recommendation is made to this court, and no penalties are assessed against the justice of the peace. Rule XXXIX, Section 4(D).
 

 [2]
 

 . Sections 4(F)(7)(a) and (b) of Rule XXXIX were recently repealed and reenacted to pro
 
 *458
 
 vide for penalties of up to one hundred dollars per day for judges and up to fifty dollars per day for justices of the peace. This rule change became effective on May 18, 2011, and is applicable to all cases pending on its effective date and will remain in full force and effect thereafter until amended or changed through future orders of this court.
 

 [3]
 

 .The Commission previously filed a similar recommendation against an elected judge. In
 
 Sanborn,
 
 this court found the judge failed to file an annual financial disclosure statement by the deadline set forth in Rule XXXIX, but his violation was not willful and knowing. The court imposed a penalty of $2,400.00 against the judge.
 

 [4]
 

 . The delinquency notice was sent by certified mail to two addresses for Respondent, but both mailings were returned by the Post Office as undeliverable.
 

 [5]
 

 . The case record does not contain a copy of the financial disclosure statement actually filed with the JAO by Respondent for year 2009; however, Section 5 of Rule XXXIX provides that all financial statements filed pursuant to this rule are matters of public record.
 

 [6]
 

 . Section 2(B) of Rule XXXIX permits an elected judge to file his or her financial disclosure statement within thirty days of the filing of his or her federal tax return, "taking into consideration any extensions filed by the individual, provided the individual notifies the [JAO] prior to the deadline provided in Subsection A of this Section of his or her intention to do so." There is no similar provision applicable to justices of the peace in Section 3 of Rule XXXIX; instead, the justice of the peace must certify that he or she has "filed his or her federal and state income tax return, or has filed an extension of time for filing such tax return.” Rule XXXIX, Section 3(C)(2).
 

 [7]
 

 . Although Rule XXXIX does not specify a burden of proof,
 
 see Sanborn,
 
 p. 4, 50 So.3d at 1281, the Commission found the Office of Special Counsel in this case had proven the charge by clear and convincing evidence.
 

 [8]
 

 . Rule XXXIX does not address the imposition of costs incurred by the Commission. In
 
 San-born, supra,
 
 the court declined to assess costs. We similarly decline to impose costs in this case.