ON RECOMMENDATION FOR DISCIPLINE FROM THE JUDICIARY COMMISSION OF LOUISIANA
 

 GUIDRY, Justice.
 

 | jThis matter arises from a recommendation of the Judiciary Commission of Louisiana regarding the failure of Justice of the Peace Randy Thomas, Jr., to comply with the financial disclosure requirements of Louisiana Supreme Court Rule XXXIX (also referred to as the “reporting rule”). The Judiciary Commission (hereinafter, “Commission”) found Justice of the Peace Thomas failed to file his 2009 personal financial disclosure statement timely, specifically 116 days after the deadline for filing, thereby subjecting him to a monetary penalty. The Commission deemed Justice of the Peace Thomas to have acted willfully and knowingly in failing to comply with the financial disclosure rule. Thus, the Commission recommended that Justice of the Peace Thomas be ordered to pay a penalty of $5,800.00 and to reimburse the Commission for costs in the amount of $175.00. For the reasons set forth below, we find Justice of the Peace Thomas failed to comply with the financial disclosure rule, thereby subjecting him to a civil monetary penalty. We further find the record evidence supports the hearing officer’s determination that Justice of the Peace Thomas’s failure to comply with the reporting rule was not willful and knowing. After considering the facts, circumstances, and applicable law, Justice of the Peace Thomas is ordered to pay a penalty in the amount of $200.00.
 

 Supreme Court Rule XXXIX, recently promulgated by this court, requires for the first time the filing of annual personal financial disclosure statements by judges and justices of the peace.
 
 See In re: Sanborn,
 
 10-2051, p. 2 (La.11/30/10), 50 So.3d 1279. Pursuant to Section 3 of the rule, all elected justices of the peace must file a financial statement by May fifteenth of each year, using a form prescribed by the Judicial Administrator’s Office (“JAO”) for that purpose. Rule XXXIX, Sections 3(A) and (B). The rule became effective with regard to justices of the peace on January 1, 2010. We have discussed this rule and its requirements pertaining to justices of the peace in a companion case decided this date.
 
 See In re: Hoffman,
 
 11-0417 (La.07/01/11), 66 So.3d 455. The instant case is the third of three cases decided this date involving a justice of the peace who has been charged with failing to file timely the personal financial disclosure statement required by Rule XXXIX.
 
 See In re: Hoffman, supra; In re: Flaherty,
 
 11-0418 (La.07/01/11), 66 So.3d 461.
 

 Justice of the Peace Thomas (hereinafter, “Respondent”), who is not an attorney, was an elected justice of the peace for Red River Parish, District B, during the entire calendar year of 2009. In 2009 and 2010, the JAO made a presentation at the Attorney General’s training conference for justices of the peace regarding the May 15, 2010 deadline for filing the personal financial disclosure statement for 2009 (herein-
 

 12FACTS and PROCEDURAL HISTORY
 
 *468
 
 after referred to as the “2009 statement”). It is unclear from the record whether Respondent was in attendance at either of these sessions, but it is noted that all justices of the peace are required to attend the conference every other year. Respondent did not file his 2009 statement by May 15, 2010. A JAO staff attorney, telephoned Respondent on June 3, 2010, to inquire about his non-compliance, and in response, he indicated that he “was mailing his form.” Nevertheless, nothing was | .¡received from Respondent. Accordingly, on June 16, 2010, the JAO sent Respondent a notice of delinquency by certified mail. Respondent’s wife accepted the certified mail on June 18, 2010. The notice of delinquency advised Respondent that the 2009 statement “must be filed no later than fourteen (14) business days after receipt of this notice of delinquency, or by July 8, 2010.” The notice of delinquency also stated that failure to file the 2009 statement by the deadline “shall result in the imposition of penalties as provided in Section 4 of Rule XXXIX.” Respondent did not submit a written response to the notice of delinquency by July 8, 2010. On July 23, 2010, the JAO referred Respondent’s matter to the Commission, based upon his failure to timely file the 2009 statement. Respondent eventually filed the 2009 statement on November 2, 2010, after the Commission filed a Formal Charge against him.
 

 This matter was set for a hearing before a hearing officer on December 7, 2010. Though he was subpoenaed to appear at the hearing, Respondent was not present when the hearing was called to order. He was, however, reached by telephone, at which time he informed the hearing officer that he was not present for two reasons: first, he said he wanted to accompany his wife to Texas because her father was ill, and second, he said he did not have transportation to New Orleans. Respondent then made an oral request to continue the hearing. The motion was denied, and the hearing proceeded without Respondent.
 

 Following the hearing, the hearing officer filed findings of fact and conclusions of law with the Commission. In his report, the hearing officer found that Respondent did not timely file his 2009 statement and that his conduct was “extremely negligent.” The hearing officer found that the evidence showed that Respondent was given ample opportunity to file his 2009 statement after the due date without incurring penalties. Instead, the hearing officer found, he delayed filing the statement until long after the ^deadline, even though he told a JAO staff attorney in a June 3, 2010 telephone conversation that he was mailing the form to her. Nevertheless, the hearing officer concluded there was no evidence presented to show that Respondent acted in bad faith or purposefully chose not to file his 2009 statement:
 

 Although the lack of bad faith or a dishonest motive does not excuse JP Thomas’s actions, and although it was JP Thomas’s responsibility to file timely disclosures that are required by law and to respond promptly to communications from the JA’s Office and the [Office of Special Counsel], his failure to file the 2009 Statement promptly was not ‘willful and knowing’ as that phrase was interpreted by the Louisiana Supreme Court in
 
 [In re: Sanborn
 
 ].
 

 Following the filing of the report containing the hearing officer’s findings, the Commission invited, but did not order or require, Respondent to appear before the Commissioners on January 18, 2011, to make a statement in response to the hearing officer’s report. Though the Commission’s counsel contacted Respondent, who indicated during a telephone call that he would review his schedule, he did not at
 
 *469
 
 tend the January Commission meeting and he did not file a brief.
 

 On March 21, 2011, the Commission filed its recommendation in this court. In its report, the Commission adopted all of the hearing officer’s proposed conclusions of fact and law except the finding that Respondent’s failure to file the 2009 statement was not willful and knowing, but rather extremely negligent. The Commission found Respondent acted knowingly with regard to his failure to file his 2009 statement until after he was served with the Formal Charge, reasoning that it is willful conduct for a judicial officer to know he is required by the highest court in the state to make financial disclosures and to simply not do so until faced with a formal charge. The Commission also pointed out that the record contains proof that Respondent received notices about the necessity of compliance, and the JAO staff |fiattorney testified at the hearing to her telephone conversation with Respondent in June and his agreement to make a filing at that time, which he did not do. The Commission stated:
 

 ... The facts of this judicial officer’s conduct show the level of his misconduct was deliberate and obstinate. He knew what he was supposed to do. He refused to comply on multiple occasions. And he refused to give any explanation whatsoever for his failure to comply much less express any remorse or apologize for his failure to act. His conduct was clearly willful.
 

 Based upon these findings, the Commission determined the burden of proof was satisfied. The Commission calculated the delay to be 116 days from July 9, 2010 (the first date of delinquency as set forth in the delinquency notice) until November 2, 2010 (the date he filed his 2009 statement). Accordingly, the Commission recommended Respondent be ordered to pay $5,800.00 in penalties using the fifty dollar per day penalty provided in former Rule XXXIX, Section 4(F)(7), which has since been amended.
 
 [1]
 
 The Commission further recommended Respondent be ordered to reimburse the Commission $175.00 in costs.
 
 [2]
 

 DISCUSSION
 

 After our review, we find the record establishes by clear and convincing evidence that Respondent did not timely file his financial disclosure statement.
 
 See Sanborn,
 
 p. 4, 50 So.3d at 1281. Accordingly, the imposition of a civil sanction is appropriate.
 

 Having found Respondent in violation of Rule XXXIX, we next decide | fiwhether his violation was “willful and knowing” under Rule XXXIX, Section 4(F)(8). Although Respondent’s conduct was “extremely negligent,” and no excuses or explanations have been offered by Respondent, we find the record evidence supports the hearing officer’s conclusion that Respondent did not willfully and knowingly violate Rule XXXIX. There is no evidence Respondent acted in bad faith or purposely chose not to file his disclosure statement to obtain some personal or professional gain.
 
 See Hoffman, supra;
 
 
 *470
 

 Flaherty, supra; Sanborn,
 
 50 So.3d at 1282-83. This is a case of “extreme neglect,” but not willful and knowing disobedience of the financial disclosure rule. Although Respondent’s case is the least sympathetic of the three cases decided today, we nevertheless acknowledge that some leniency is appropriate, given that the financial disclosure rule became effective as to justices of the peace only in 2010 and given the possibility that justices of the peace, who are not necessarily attorneys, may have confused the financial disclosure rule with other financial reporting requirements.
 
 See Flaherty,
 
 11-0418, 66 So.3d 461,
 
 supra.
 
 We reiterate emphatically, however, that in the future such leniency or benefit of the doubt will not be extended now that the financial disclosure rule has been in effect for more than one year.
 
 See Hoffman, supra.
 
 As we explained in
 
 Sanborn,
 
 judges, as well as justices of the peace, are held to a high standard, and they are “often called upon to enforce deadlines on litigants before [their courts], and must likewise show respect for the deadlines this Court has imposed on all judges [and all justices of the peace] of this State, without exception.”
 
 Sanborn,
 
 pp. 6-7, 50 So.3d at 1283.
 

 We next decide an appropriate penalty for Respondent’s failure to file his financial disclosure statement timely under Rule XXXIX, Section 4(F)(7)(b), as recently reenacted by this court. We find that a civil penalty of $200.00 is appropriate under the facts and circumstances of this case.
 

 | CONCLUSION
 

 We find the record establishes that Justice of the Peace Thomas failed to comply with the financial disclosure requirement of Rule XXXIX, thereby subjecting him to a civil monetary penalty. We further find that his failure to comply with the financial disclosure rule did not rise to the level of a willful and knowing violation. Accordingly, Justice of the Peace Thomas is ordered to pay a civil penalty to the State of Louisiana, Judicial Branch, in the amount of $200.00, no later than thirty days from the finality of this judgment.
 

 [1]
 

 . Sections 4(F)(7)(a) and (b) of Rule XXXIX were recently repealed and reenacted to provide for penalties of up to one hundred dollars per day for judges and up to fifty dollars per day for justices of the peace. This rule change became effective on May 18, 2011, and is applicable to all cases pending on its effective date and will remain in full force and effect thereafter until amended or changed through future orders of this court.
 

 [2]
 

 . Rule XXXIX does not address the imposition of costs incurred by the Commission. In
 
 San-born, supra,
 
 the court declined to award costs. We similarly decline to impose costs in this case.