GUIDRY, Justice.
 

 | TThis matter arises from a recommendation of the Judiciary Commission of Louisiana regarding Justice of the Peace Charles Flaherty’s failure to comply with the financial disclosure requirements of Louisiana Supreme Court Rule XXXIX (also referred to as the “reporting rule”). The Judiciary Commission (hereinafter, “Commission”) found Justice of the Peace Flaherty failed to file his 2009 personal financial disclosure statement timely, specifically 104 days after the deadline for filing, thereby subjecting him to a monetary penalty. The Commission deemed
 
 *462
 
 Justice of the Peace Flaherty to have acted willfully and knowingly in failing to comply with the financial disclosure rule. Thus, the Commission recommended that Justice of the Peace Flaherty be ordered to pay a penalty of $5,200.00 and to reimburse the Commission for costs in the amount of $360.50. For the reasons set forth below, we find Justice of the Peace Flaherty failed to comply with the financial disclosure rule, thereby subjecting him to a civil monetary penalty. We further find the record evidence supports the hearing officer’s determination that Justice of the Peace Flaherty’s failure to comply with the reporting rule was not willful and knowing. After considering the facts, circumstances, and applicable law, Justice of the Peace Flaherty is ordered to pay a penalty in the amount of $200.00.
 

 | ¡¡.FACTS and PROCEDURAL HISTORY
 

 Supreme Court Rule XXXIX, recently promulgated by this court, requires for the first time the filing of annual personal financial disclosure statements by judges and justices of the peace.
 
 See In re: San-born,
 
 10-2051, p. 2 (La.11/30/10), 50 So.3d 1279. Pursuant to Section 3 of the rule, all elected justices of the peace must file a financial statement by May fifteenth of each year, using a form prescribed by the Judicial Administrator’s Office (“JAO”) for that purpose. Rule XXXIX, Sections 3(A) and (B). The rule became effective with regard to justices of the peace on January 1, 2010. We have discussed this rule and its requirements pertaining to justices of the peace in a companion case decided this date.
 
 See In re: Hoffman,
 
 11-0417 (La.07/01/1), 66 So.3d 455. The instant case is the second of three cases decided this date involving a justice of the peace who has been charged with failing to file timely the personal financial disclosure statement required by Rule XXXIX.
 
 See In re: Hoffman, supra; In re: Thomas,
 
 11-0572 (La.07/01/11), 66 So.3d 466.
 

 Justice of the Peace Flaherty (hereinafter, “Respondent”), who is not an attorney, was an elected justice of the peace for LaSalle Parish, District 3, during the entire calendar year of 2009, and he is currently in his third term as a justice of the peace. In 2010, the JAO made a presentation at the Attorney General’s training conference for justices of the peace regarding the May 15, 2010 deadline for filing the personal financial disclosure statement for 2009 (hereinafter referred to as the “2009 statement”). Respondent was in attendance at this session; however, he did not file his 2009 statement by May 15, 2010. A JAO staff attorney attempted to contact Respondent to inquire about his non-compliance, but he could not be reached by telephone. Accordingly, on June 16, 2010, the JAO sent Respondent a notice of delinquency by certified mail, which Respondent received on June 25, 2010. The | .¡notice of delinquency advised Respondent that the 2009 statement “must be filed no later than fourteen (14) business days after receipt of this notice of delinquency, or by July 8, 2010.” The notice of delinquency also stated that failure to file the 2009 statement by the deadline “shall result in the imposition of penalties as provided in Section 4 of Rule XXXIX.” Respondent did not submit a written response to the notice of delinquency by July 8, 2010. On July 23, 2010, the JAO referred Respondent’s matter to the Commission, which issued a Formal Charge on September 27, 2010, based upon his failure to timely file the 2009 statement.
 

 This matter was set for a hearing before a hearing officer on November 4, 2010. Respondent appeared and testified at the hearing, although he had not filed an answer to the Formal Charge. A JAO staff attorney, also testified. At the conclusion
 
 *463
 
 of the November 4, 2010 hearing, Respondent hand-delivered his 2009 statement to the staff attorney, having completed it during the course of the hearing.
 

 In his testimony before the hearing officer, Respondent admitted he knew that the personal financial disclosure statement for justices of the peace had “to be filled out and mailed in on time.” However, he clearly did not understand the difference between that form and the legislative auditor’s financial statement (hereinafter referred to as the “auditor’s form”) which justices of the peace are required to file pursuant to La.Rev.Stat. 24:51s.
 
 [1]
 
 Indeed, while attending the Attorney General’s training conference for justices of the peace in March 2010, Respondent completed a personal financial disclosure statement for justices of the peace and turned it in to the “folks down there, apparently the wrong people [presumably referring to 1 representatives of the Attorney General’s office]. I think I was supposed to mail it in ... to the Secretary of State’s office.” Respondent then completed an auditor’s form on October 20, 2010, and mailed a copy of it to the JAO, believing this was the same requirement as the personal financial disclosure statement for justices of the peace.
 
 [2]
 
 Despite the best efforts of the hearing officer to explain that the forms are not the same, by the end of the hearing, it was evident that Respondent still did not understand the difference between them.
 
 [3]
 
 However, Respondent appeared at oral argument of his ease before this court, and he assured the court he now understands there are two financial disclosure forms and they are required to be filed with different entities.
 

 ... [A] justice of the peace ... must file a certification with the legislative auditor indicating the amount of funds related to his official duties that he received for the fiscal year. Also he shall annually file with the legislative auditor sworn financial statements ....
 

 Respondent was also questioned regarding his receipt of the delinquency | ^notice. He admitted he did sign for the certified mail on June 25, 2010, but explained that he did not open the letter at that time because he was “in the middle of cutting
 
 *464
 
 and hauling hay.” Instead, he simply left the envelope in his “old hay truck,” which he then parked and “didn’t get back in it for a while.” Respondent testified that he found the letter and read it only after the Formal Charge was served on him in October 2010.
 

 Following the hearing, the hearing officer filed findings of fact and conclusions of law with the Commission. In his report, the hearing officer found that Respondent admitted, and the evidence clearly showed, that he did not timely file his 2009 statement. Turning to the issue of whether Respondent’s conduct was willful and knowing, the hearing officer noted that Rule XXXIX does not define the phrase “willful and knowing,” and this court has not interpreted the meaning of the phrase as used in Rule XXXIX. Nevertheless, giving the words their generally prevailing meaning, the hearing officer found that Respondent’s conduct was not willful and knowing, reasoning:
 

 As shown by the testimony at the hearing, JP Flaherty came into the hearing not knowing what the JA’s Form was. According to his testimony, he thought it was a revision of the Auditor’s Form. As a judicial officer, he should have known that he was required to comply with the financial reporting requirements of the Reporting Rule, but he, in fact, did not know how to comply. The hearing officer has concluded that JP Flaherty was sincere in his belief that he had filed whatever financial statement he thought he needed to file on the JA’s Form when he completed the JA’s Form that had been distributed to him at the JP Conference and gave it to a person he believed was authorized to accept it. JP Flaherty’s culpability in failing to file the 2009 JA’s Statement timely may be somewhat mitigated by the fact that 2010 was the first year that the JA’s Form was required to be filed by justices of the peace, the fact that JP Flah-erty does not have a legal background and did not understand the Reporting Rule, and the fact that the | r,address to which the JA’s Form was to be mailed was not on the form itself such that there should have been no confusion on his part regarding where the 2009 Statement was to be mailed. JP Flaherty was, however, clearly negligent in failing to open the envelope in which the Delinquency Notice was mailed immediately after he received it. As a judicial officer, he should have known from the return address on the envelope and from the fact that it was mailed certified mail return receipt requested that the contents of the envelope involved a matter of some importance and urgency. Thus, although JP Flaherty’s violation of the Reporting Rule was not willful or knowing, he was clearly negligent in not filing the 2009 JA’s Statement by the deadline in the Delinquency Notice. [Internal footnotes omitted.]
 

 Following the filing of the report containing the hearing officer’s findings, the Commission invited, but did not order or require, Respondent to appear before the Commissioners on January 21, 2011, to make a statement in response to the hearing officer’s report. Respondent did not attend the January meeting.
 

 On March 1, 2011, the Commission filed its recommendation in this court. In its report, the Commission adopted all of the hearing officer’s proposed conclusions of fact and law except the finding that Respondent’s failure to file the 2009 statement was not willful and knowing, but rather simply negligent. The Commission acknowledged that Respondent’s testimony before the hearing officer suggested a basic inability to identify the form required for the 2009 statement as distinguished
 
 *465
 
 from the legislative auditor’s form. However, in finding Respondent’s conduct had involved more than mere negligence, the Commission noted that (a) Respondent admitted he did not pay close attention at the justice of the peace training session when the issues of financial disclosure and its importance were discussed; (b) when he received a certified letter, return receipt requested, from the JAO regarding his failure to file the 2009 statement, Respondent put the letter in his truck and forgot about it; (c) despite the fact that this court devoted significant resources to assisting 1 .judicial officers in understanding Rule XXXIX and what constitutes timely compliance, Respondent did not seek further assistance, in part because he disregarded a certified letter sent to him by the JAO, so he was not aware of the resources that were at his disposal, and (d) the report that justices of the peace are required to submit is not complicated and is far less onerous than the form required of the judges of this state, which was at issue in
 
 Sanborn, supra.
 

 Based upon these findings, the Commission determined that the burden of proof was satisfied. The Commission calculated the delay to be 104 days from the deadline given in the delinquency notice, July 9, 2010, to the date Respondent attempted to file a financial disclosure form, albeit the incorrect one, with the JAO, October 20, 2010, rather than the date he actually completed and presented to the JAO staff attorney the proper financial disclosure statement, November 4, 2010. Accordingly, the Commission recommended that Respondent be ordered to pay $5,200.00 in penalties to the Státe of Louisiana, Judicial Branch, using the fifty dollar per day penalty provided in former Rule XXXIX, Section 4(F)(7).
 
 [4]
 
 The Commission further recommended that Respondent be ordered to reimburse the Commission $360.50 in costs.
 
 [5]
 

 DISCUSSION
 

 After our review of the record, we find the evidence establishes that Respondent did not timely file his financial disclosure statement, either by clear and convincing evidence or by a preponderance of the evidence.
 
 See Sanborn,
 
 p. 4, 50 So.3d at 1281. Respondent admitted his failure to file the 2009 statement before the hearing officer, even though his testimony revealed that he was sincerely confused about the different financial disclosure forms required of justices of the peace. Accordingly, the imposition of a civil sanction is appropriate.
 

 Having found Respondent in violation of Rule XXXIX, we next decide whether his violation was “willful and knowing” under Rule XXXIX, Section 4(F)(8). Although Respondent’s conduct was clearly negligent, we find the record evidence supports the hearing officer’s conclusion that Respondent did not willfully and knowingly violate Rule XXXIX. There is no evidence Respondent acted in bad faith or purposely chose not to file his disclosure statement to obtain some personal or professional gain.
 
 See Hoffman, supra; Sanborn,
 
 50 So.3d at 1282-83. As in
 
 Hoffman
 
 and
 
 Sanborn,
 
 this is a case of
 
 *466
 
 “mere neglect,” but not willful and knowing disobedience of the financial disclosure rule. Indeed, we find leniency and the benefit of the doubt are appropriate in this case, given that the financial disclosure rule became effective as to justices of the peace only in 2010 and given the fact that Respondent, who is not an attorney, sincerely confused the financial disclosure statement required by the court’s Rule XXXIX with the financial statement to be provided to the legislative auditor.
 

 We next decide an appropriate penalty for Respondent’s failure to file his financial disclosure statement timely under Rule XXXIX, Section 4(F)(7)(b), as recently reenacted by this court. We find that a civil penalty of $200.00 is appropriate under the facts and circumstances of this case.
 

 CONCLUSION
 

 We find the record establishes that Justice of the Peace Flaherty failed to comply with the financial disclosure requirement of Rule XXXIX, thereby subjecting |9him to a civil monetary penalty. We further find that his failure to comply with the financial disclosure rule did not rise to the level of a willful and knowing violation. Accordingly, Justice of the Peace Flaherty is ordered to pay a civil penalty to the State of Louisiana, Judicial Branch, in the amount of $200.00, no later than thirty days from the finality of this judgment.
 

 [1]
 

 . La.Rev.Stat. 24:513(J)( 1 )(cc) provides in pertinent part as follows:
 

 [2]
 

 . Unfortunately, this mailing was sent in error to the court’s former address at 301 Loyola Avenue. It was returned to Respondent by the Post Office marked "return to sender, not deliverable as addressed, unable to forward.”
 

 [3]
 

 . The hearing officer observed that Respondent had received correspondence to which he did not respond, a fact that could lead one to conclude he had “just ignored them purposely.” When the hearing officer gave Respondent "the opportunity to tell me why that’s not true,” the following exchange occurred:
 

 JP Flaherty: No, sir, I didn’t willfully ... It’s just negligence on my part. I should have filled it out when I first got the correspondence from Ms. Elliott at the Legislative Auditor's Office.
 

 The hearing officer: Let me point out something to you ... so this never happens to you again. They’re two different things we're talking about. And the only one that concerns us here today is a financial disclosure statement that's required by the Louisiana Supreme Court and is administered by the Judicial Administrator who is Dr. Collins. The Legislative Auditor’s report is something—
 

 JP Flaherty: That’s a whole different thing?
 

 The hearing officer: —that the Legislative Auditor requires. That’s totally different. ... The document we’re concerned about this morning is the financial disclosure document, which is the first time that the JPs have ever had to file it was this year.
 

 JP Flaherty: Yes, sir.
 

 The hearing officer: So that’s — I want to make that clear.
 

 JP Flaherty: Okay. Well, I knew that form was different. I thought — you know, I thought it was the same form and they just revised the thing, but—
 

 [4]
 

 . Sections 4(F)(7)(a) and (b) of Rule XXXIX were recently repealed and reenacted to provide for penalties of up to one hundred dollars per day for judges and up to fifty dollars per day for justices of the peace. This rule change became effective on May 18, 2011, and is applicable to all cases pending on its effective date and will remain in full force and effect thereafter until amended or changed through future orders of this court.
 

 [5]
 

 . Rule XXXIX does not address the imposition of costs incurred by the Commission. In
 
 San-born, supra,
 
 the court declined to assess costs. We similarly decline to impose costs in this case.