VICTORY, J.
 

 11 This matter arises from a recommendation of the Judiciary Commission of Louisiana (the “Commission”) regarding Justice of the Peace Stacie P. Myers’ failure to comply with the financial disclosure requirements of Louisiana Supreme Court Rule XXXIX. The Commission found that Justice of the Peace Myers failed to file her 2009 personal financial disclosure statement timely, thereby subjecting her to a monetary penalty. The Commission determined Justice of the Peace Myers acted willfully and knowingly in failing to comply with the financial disclosure rule and recommended that she be ordered to pay a penalty of $13,900.00 and to reimburse the Commission for costs in the amount of $215.00. However, on August 23, 2011, following this Court’s opinions in
 
 In re Hoffman,
 
 11-0417 (La.7/1/11), 66 So.3d 455,
 
 In re Flaherty,
 
 11-0418 (La.7/1/11), 66 So.3d 461, and
 
 In re Thomas,
 
 11-0572 (La.7/1/11), 66 So.3d 466, the Commission filed an amended recommendation, recommending penalties be limited to $200.00, with no request for reimbursement of costs. For the reasons set forth below, we find that Justice of the Peace Myers failed to comply with the financial disclosure rule, thereby subjecting her to a civil monetary penalty. We further find the record evidence supports the Commission’s finding that Justice of the Peace Myers acted willfully and knowingly in failing to file the financial disclosure statement. After considering the facts, ^circumstances, and applicable law, Justice of the Peace Myers is ordered to pay a civil penalty in the amount of $500.00.
 

 FACTS AND PROCEDURAL HISTORY
 

 This Court recently promulgated Supreme Court Rule XXXIX, which requires for the first time the filing of annual per
 
 *675
 
 sonal financial disclosure statements by-judges and justices of the peace.
 
 See In re Sanborn,
 
 10-2051 (La.11/30/10), 50 So.3d 1279. This rule became effective as to justices of the peace on January 1, 2010. Pursuant to Section 3 of the rule, all elected justices of the peace must file a financial statement by May fifteenth of each year, using a form prescribed by the Judicial Administrator’s Office (“JAO”) for that purpose. Rule XXXIX, § 3(A) and (B). If a justice of the peace fails to timely file a financial disclosure statement as required by the rule, or omits any information required to be included in the statement, or the JAO has reason to believe the information included in the statement is inaccurate, the JAO must notify the justice of the peace of such failure, omission, or inaccuracy by certified mail. Rule XXXIX, § 4(A). The notice of delinquency shall inform the justice of the peace that the financial statement must be filed, or that the information must be disclosed or accurately disclosed, or that a written answer contesting the allegation of such a failure, omission, or inaccuracy must be filed within fourteen days. Rule XXXIX, § 4(A)(2). If the justice of the peace files the statement, provides the omitted information, or corrects the inaccurate information within the deadline, no penalties shall be assessed. Rule XXXIX, § 4(B).
 

 However, if the justice of the peace fails to file the statement, fails to provide the omitted information, fails to correct the inaccurate information, or fails to file a written answer prior to the fourteen-day deadline, the matter shall be referred to the Commission. Rule XXXIX, § 4(C)(1). In turn, if the Commission determines that lathe justice of the peace may have failed to file the statement or failed to disclose or accurately disclose the required information, the matter shall be the subject of a hearing before a hearing officer. Rule XXXIX, § 4(F).
 

 A hearing before a hearing officer is limited to three issues: whether the justice of the peace failed to file a financial statement; whether the justice of the peace failed to disclose or accurately disclose the required information; and whether the failure was willful and knowing. Rule XXXIX, § 4(F)(3). The hearing officer submits a report to the Commission containing proposed findings of fact and conclusions of law, which report is then considered by the Commission. Rule XXXIX, § 4(F)(4). If the Commission determines the justice of the peace has failed to file a statement, or failed to disclose or accurately disclose the required information, the Commission shall file the record and recommendation with this Court. Rule XXXIX, § 4(F)(6). In that event, the Commission shall recommend the imposition of civil penalties against the justice of the peace, and shall also make a recommendation as to whether the violation was willful and knowing.
 
 Id.
 

 Once the recommendation is filed in this Court, Rule XXXIX, §.4(F)(7) provides that the case shall be docketed “summarily” for oral argument, and the Court’s judgment “shall be rendered promptly following argument.” If the Court determines no violation has occurred, no penalty shall be assessed. Rule XXXIX, § 4(F)(7). If the Court determines that a violation has occurred, civil penalties of up to fifty dollars per day shall be assessed against the justice of the peace. Rule XXXIX, § 4(F)(7)(b).
 

 Three similar cases involving justices of the peace were decided on July 11, 2011.
 
 See Hoffman; Flaherty, Thomas, supra.
 
 Today, three more cases involving violations of Rule XXXIX by justices of the peace have also been decided.
 
 See In re LaGrange,
 
 11-0714 (La.10/25/11), 74 So.3d 661;
 
 In re Cook,
 
 11-0715 (La.10/25/11), 74
 
 *676
 
 So.3d 667;
 
 In re Threet,
 
 11-0875 (La.10/25/11), 74 So.3d 679.
 

 Justice of the Peace Myers (hereinafter “respondent”), who is not an attorney, was elected to the office of justice of the peace for District 4 of Pointe Coupee Parish during the 2009 calendar year. In 2009, the JAO made a presentation at the Attorney General’s training conference for justices of the peace regarding the May 15, 2010 deadline for filing the personal financial disclosure statement for 2009 (hereinafter the “2009 Statement”). Respondent was in attendance at this session, however, she did not file her 2009 Statement by May 15, 2010. A JAO staff attorney attempted to contact respondent by telephone to inquire about her non-compliance, but was unable to reach her. Accordingly, on June 16, 2010, the JAO sent respondent a notice of delinquency advising her that the 2009 Statement “must be filed no later than fourteen (14) business days after receipt of this notice of delinquency, or by July 8, 2010.” The notice also stated that failure to file the 2009 Statement by the deadline “shall result in the imposition of penalties as provided in Section 4 of Rule XXXIX.” Respondent personally signed for the certified mail containing the delinquency notice, but still she did not submit the 2009 Statement. On July 23, 1010, the JAO referred the matter to the Commission. Respondent eventually filed the 2009 Statement on April 13, 2011, after the Commission had filed a Formal Charge against her and two months after the matter was heard by a hearing officer.
 

 The hearing proceeded on February 15, 2011 before the hearing officer and respondent appeared and testified. In her comments to the hearing officer, respondent testified that she is employed as a school bus driver and that she succeeded her father as Justice of the Peace for District 4 of Pointe Coupee Parish after his death eleven years ago. She stated that she did not realize the form needed to be filed “and exactly |swhat it was.” She testified that she could not recall hearing any discussion at the 2009 justice of the peace training conference about the financial disclosure statement and indicated that the first time she heard about the filing requirement was “in the latter part of the year of 2010,” when another justice of the peace mentioned it to her. However, she admitted she did not take any action at that time. Likewise, she acknowledged receipt of the delinquency notice, for which she personally signed the certified mail receipt on June 24, 2010, but testified that she never opened the envelope, even after she observed that the letter came from the “Judicial Commission.” She attributed her actions to the “turmoil” of her pending divorce. She testified about her actions after she was personally served with the Formal Charge on November 4, 2010:
 

 A. I think I may have spoke [sic] to someone afterwards, but I don’t remember.
 

 Q. Do you remember who you spoke to?
 

 A. I don’t remember. I don’t know who I spoke with. I think after I had gotten that, I had asked John Kline who’s the Justice of the Peace in Livonia, and he had given me a number. And I don’t remember who I spoke with. And I think — yeah, I was told to look on the Internet to get the form and — which my computer was not working at the time or the printer — and to go ahead and get the form filed. And she couldn’t find it or whatever, and I don’t know what I did after that.
 

 She offered no apology or statement of contrition for her failure to file the 2009 Statement.
 

 
 *677
 
 Following the hearing, the hearing officer filed findings of fact and conclusions of law with the Commission, finding that respondent failed to timely file the 2009 Statement and that she acted willfully and knowingly. The Commissioners invited respondent to appear before them on April 15, 2011 to make a statement in response to the hearing officer’s report, but she did not attend.
 

 |fiThe Commission filed its recommendation on April 29, 2011, adopting all of the hearing officer’s proposed finding of fact and law, including the finding that respondent acted willfully and knowingly in failing to timely file the 2009 Statement. The Commission reasoned that respondent’s failure to respond to efforts to contact her regarding the delinquency of her 2009 Statement and her decision not to open a certified letter from the Commission are tantamount to a purposeful choice not to file the 2009 Statement. There was no evidence that respondent used due diligence to find out what she should do to comply with Rule XXXIX once she was informed that she needed to file the 2009 Statement. Further, even after the conclusion of her February 15, 2011 hearing before the hearing officer, respondent still did not file a financial disclosure statement for 57 more days. She offered no reason at all for her extremely late filing. The Commission found this conduct evidenced her bad faith and willful and knowing conduct.
 

 Based upon these findings, the Commission determined that the burden of proof was satisfied.
 
 [1]
 
 As a total of 278 days passed from July 9, 2010 (the deadline set forth in the delinquency notice) to April 18, 2011 (the date respondent submitted her 2009 Statement by facsimile), the Commission recommended that respondent be ordered to pay $18,900.00 in penalties citing the former version of Rule XXXIX, § 4(F)(7), which has since been amended to provide for a penalty of up to $50 per day.
 
 [2]
 
 and costs in the amount of $215.00.
 

 |7On August 23, 2011, following this Court’s opinions in
 
 Hoffman, Flaherty,
 
 and
 
 Thomas, supra,
 
 the Commission filed an amended recommendation in this matter, significantly changing some of its factual findings and recommendation. The Commission changed its finding that respondent acted willfully and knowingly, and instead found she acted negligently. The Commission also recommended that the civil penalties be limited to $200.00, and the Commission withdrew its request for reimbursement of costs.
 

 DISCUSSION
 

 Having resolved several cases involving violations of Rule XXXIX, we have yet to determine the appropriate burden of proof in these type cases.
 
 See Sanborn, supra; Hoffman, supra.
 
 Rule XXXIX is silent on the issue. However, in cases involving judicial discipline, we have consistently determined that the clear and convincing standard is the appropriate standard.
 
 In re Morvant,
 
 09-747 (La.6/26/09), 15 So.3d 74, 79;
 
 In re Hughes,
 
 03-3408 (La.4/22/04), 874 So.2d 746, 760;
 
 In re Bowers,
 
 98-1735 (La.12/1/98), 721 So.2d 875;
 
 In re Johnson,
 
 
 *678
 
 96-1866 (La.11/25/96), 683 So.2d 1196;
 
 In re Huckaby,
 
 95-0041 (La.5/22/95), 656 So.2d 292. We have also applied the clear and convincing burden of proof to judicial discipline cases involving justices of the peace.
 
 In re Freeman,
 
 08-1820 (La.12/2/08), 995 So.2d 1197;
 
 In re Franklin,
 
 07-1425 (La.11/27/07), 969 So.2d 591. In
 
 Sanborn,
 
 the first judicial disciplinary proceeding brought under Rule XXXIX, we declined to resolve the burden of proof issue as the facts were undisputed and presented a violation of Rule XXXIX under either standard. Similarly, in
 
 Hoffman, Flaherty,
 
 and
 
 Thomas,
 
 we declined to establish the burden of proof for violations of Rule XXXIX involving justices of the peace. However, upon review, we have determined that, just as in judicial disciplinary proceedings brought under other rules, |sthe Judiciary Commission must prove violations of Rule XXXIX by clear and convincing evidence. After reviewing the record in this case, we find the evidence establishes by clear and convincing evidence that respondent did not timely her financial disclosure statement. It is undisputed that the 2009 Statement was due July 9, 2010, but was not filed until April 13, 2011.
 

 Having found respondent in violation of Rule XXXIX, we next decide whether her violation was “willful and knowing” under Rule XXXIX, § 4(F)(8). In the first cases before us involving violations of Rule XXXIX, we classified actions as “willful and knowing” as those which involve bad faith or a purposeful choice not to file the disclosure statement in order to obtain some personal or professional gain.
 
 Hoffman, supra
 
 at 459-60;
 
 Sanborn, supra
 
 at 1282-83. In addition, we refused to find a “willful and knowing” violation where the failure to timely file was “a case of mere neglect, not willful and knowing disobedience of the rule.”
 
 Sanborn, supra
 
 at 1282-83. Further, “we recognized some leniency is appropriate where the judge’s ‘violation of the judicial rules was undeniably unknowing and not the product of any dishonest motive.’ ”
 
 Id.
 
 (citing
 
 Morvant, supra
 
 at 80). Under those standards, we have yet to find a willful and knowing violation of Rule XXXIX. However, as we warned in
 
 Hoffman, Flaherty,
 
 and
 
 Thomas,
 
 “such leniency or benefit of the doubt will not be extended now that the financial disclosure rule has been in effect for more than one year.”
 

 In this case, we find respondent’s failure to timely file her 2009 Statement to be willful and knowing. Respondent acknowledges receiving the delinquency notice on June 24, 2010, but then making the conscious choice not to open the envelope which she knew came from the Judiciary Commission. She did not file her 2009 Statement after being served with the Formal Charge, and, incredibly, did not file 19it until nearly two months after the hearing. As found by the hearing officer, she offered no reason for her extremely late filing and did not appear to realize or care about its importance. This is more than mere negligence, but was willful and knowing disobedience of the disclosure rule. Respondent’s conduct evidences a “purposeful choice” not to file the disclosure statement. While there was no evidence presented that she failed to timely file the statement in order to obtain some monetary gain, that is not required under our holding in
 
 Sanborn.
 
 “Personal or professional gain” is to be interpreted broadly, and the “gain” can be anything from a desire not to disclosure one’s personal assets to the public, to a desire not to take the time, trouble and effort to complete the form with knowledge that it is required to be filed by a certain date. The financial disclosure form required of justices of the peace by Rule XXXIX is quite short and
 
 *679
 
 simple, and would have taken a minimal amount of time to complete. Accordingly, we agree with the hearing office and the Commission that respondent acted in bad faith and therefore, her conduct was willful and knowing violation of Rule XXXIX.
 

 We next decide the appropriate penalty for respondent’s failure to timely file her financial disclosure statement under Rule XXXIX. In response to our recent penalty assessments in
 
 Hoffman, Flaherty,
 
 and
 
 Thomas,
 
 the Judiciary Commission filed an amended recommendation, seeking a civil penalty of $200.00 and withdrawing its request for costs. We must point out that each violation of Rule XXXIX is decided on a case by case basis and our $200.00 penalty assessments in those prior cases should not be construed as absolutes for violations of Rule XXXIX. However, the Judiciary Commission was correct in withdrawing its request for costs as we have declined to award costs for violations of Rule XXXIX because that rule does not provide for assessment of costs and “the only costs taxable against a litigant 1 inare those provided by the positive law.”
 
 Sanborn, supra
 
 at 1283. After reviewing the facts and circumstances in this case, we find that a civil penalty of $500.00 is appropriate:
 

 CONCLUSION
 

 We find the record establishes by clear and convincing evidence that Justice of the Peace Myers failed to comply with the financial disclosure requirement of Rule XXXIX, thereby subjecting her to a civil monetary penalty. We further find that her failure to comply with the financial disclosure rule was willful and knowing. Accordingly, it is ordered that Justice of the Peace Myers pay a civil penalty to the State of Louisiana, Judicial Branch, in the amount of $500.00, no later than thirty days from the finality of this judgment.
 

 [1]
 

 . Although Rule XXXIX does not specify a burden of proof, the Commission found the Office of Special Counsel had proven the charge by clear and convincing evidence.
 

 [2]
 

 . Originally, Rule XXXIX provided a mandatory civil penalty of $50 per day of delay for justices of the peace and $100 per day of delay for judges, with no discretion to assess a lesser amount. However, effective May 18, 2011, the Court amended Rule XXXIX, § 4(F)(7) to provide that the amount of the penalty may be decided in the Court's discretion, up to $50 per day for justices of the peace and up to $100 per day for judges.