GUIDRY, Justice.
| ,This matter arises from a recommendation of the Judiciary Commission of Louisiana (“Commission”) regarding the failure of Justice of the Peace Stacie P. Myers, Point Coupee Parish, District 4, to comply with the financial reporting requirements of Louisiana Supreme Court Rule XXXIX for calendar year 2010. For the reasons set forth below, we find the record establishes by clear and convincing evidence that Justice of the Peace Myers failed to comply with the financial disclosure requirement of Rule XXXIX, thereby subjecting her to a civil monetary penalty. We further find that her failure to comply with the financial disclosure requirement was willful and knowing. After considering the facts, circumstances, and applicable law, Justice of the Peace Myers is ordered to pay a civil penalty in the amount of $1,500.00.
FACTS AND PROCEDURAL HISTORY:
Supreme Court Rule XXXIX requires the filing of annual financial disclosure statements by judges and justices of the peace. See In re: Thomas, 11-0572, p. 2 (La.7/1/11), 66 So.3d 466, 467; In re: San-born, 10-2051, p. 2 (La.11/30/10), 50 So.3d 1279. Pursuant to Section 3 of the rule, all elected justices of the peace must file his or her financial statement by May 15th of each year, using a form prescribed by the Judicial Administrator’s Office (“JAO”) for that purpose. Rule XXXIX, Sections 3(A) and (B). We have discussed this rule and its requirements pertaining to justices of the peace in several cases. See, e.g., In re: Hoffman, 11-0417 (La.7/01/11), 66 So.3d 455. The instant case is one of three cases decided this date involving a justice of the peace who has been charged with failing to file timely the personal financial disclosure statement required by Rule XXXIX for calendar year 2010. See In re: Threet, 12-1501 (La.12/04/12); In re: Landry, 12-1946 (La.12/04/12).
The first financial statements required of justices of the peace were due for calendar year 2009, to be filed no later than May 15, 2010. However, Justice of the Peace Myers (hereinafter “Respondent”) did not file her 2009 financial statement until April 13, 2011, after the Commission filed a Formal Charge against her and two months after the matter was heard by a hearing officer. On October 25, 2011, this court imposed a $500.00 civil penalty upon Respondent for her willful and knowing violation of Rule XXXIX. In re: Myers, 11-0874 (La.10/25/11), 74 So.3d 672 (“Myers I”).
Respondent’s 2010 financial statement was due on May 15, 2011. However, it was not received by that date. Accordingly, on May 27, 2011, the JAO sent Respon *681 dent a notice of delinquency by certified mail advising her that the 2010 Statement “must be filed no later than fourteen (14) business days after receipt of this notice of delinquency, or by June 21, 2011.” The notice of delinquency also stated that failure to file the 2010 Statement by the deadline “shall result in referral to the Judiciary Commission and the imposition of penalties as provided in Section 4 of Rule XXXIX.” The certified mail containing the delinquency notice was subsequently returned to the JAO unclaimed.
On June 30, 2011, the JAO referred the matter to the Commission, based upon Respondent’s failure to file the 2010 Statement timely. Respondent eventually filed the 2010 Statement on December 29, 2011, after the Commission filed a Formal Charge against her, and two months after this court’s opinion in Myers I. In her answer to the Formal Charge, Respondent stated that she | .^¡mistakenly believed her 2010 Statement was mailed with her report for 2009. She apologized for her error and pledged that she will do her “best to turn in future reports on time!”
Prior to a hearing before a hearing officer, the parties entered into a stipulation of facts in which Respondent admitted the pertinent factual allegations of this matter, including the following:
• This is the second consecutive year that JP Myers has failed to timely file her annual Statement with the [JAO] as required by Rule XXXIX, as she was fined by the Supreme Court for failing to timely file her 2009 Statement.
• JP Myers made a purposeful choice not to file her 2010 Statement because she desired not to take the time, trouble and effort to complete the form with the knowledge that it is required to be filed by a certain date.
• By reason of JP Myers’s conduct, as stipulated herein, JP Myers’s violation of Rule XXXIX was willful and knowing.
The Commission subsequently approved the stipulated facts and agreed to dispense with convening a hearing. The Commissioners invited, but did not order or require, Respondent to appear before them on April 20, 2012, to make a statement concerning the stipulations and the penalty issue. Respondent did not attend the April meeting or file a brief in the matter.
On June 29, 2012, the Commission filed its recommendation in this court. In its report, the Commission found the stipulated facts are sufficient to prove the allegations of the Formal Charge by clear and convincing evidence. The Commission observed that as a result of her involvement in prior proceedings, both before the Commission and before this court, Respondent knew or should have known of the need to timely file her 2010 Statement. For her willful and knowing conduct, the Commission recommended that Respondent be ordered to pay a ^penalty of $6,720, or $35 per day for the 192 days that elapsed between June 21, 2011 (the deadline set forth in the delinquency notice) to December 29, 2011 (the date Respondent submitted her financial disclosure statement).[1] Regarding the $35 per day figure, the Commission stated:
The Commission found it extremely troubling that JP Myers has continued to exhibit blatant disregard for the Re *682 porting Rule, even after appearing before the Commission and the Court in the past and being assessed with a $500.00 penalty by the Court for her first willful and knowing violation of the rule. It is obvious JP Myers has not benefited from the leniency shown to her by the Court in the prior case, nor has she made any effort to modify her behavior to comply with the reporting requirements to which she, like all other justices of the peace in this State, is subject.
The Commission considered JP Myers’ second instance of deliberate noncompliance with the Reporting Rule to be a very serious matter, for which a substantial monetary penalty should be imposed. As noted above, the rule provides for a penalty of up to $50.00 per day for justices of the peace. JP Myers ultimately did file her 2010 Statement, albeit many months late, and she cooperated with the OSC after a formal charge was brought against her by entering into stipulations that made it unnecessary to conduct a formal hearing. Under these circumstances, the Commission recommends the Court impose on JP Myers a civil penalty of $35.00 per day for one hundred ninety-two days of non-compliance, from June 21, 2011, the extended deadline in the Delinquency Notice, until December 29, 2011, the date of filing of her 2010 Statement, for a total penalty of $6,720.00.
DISCUSSION
After our review of the facts and applicable law, we find the record establishes by clear and convincing evidence that Respondent did not timely file her financial disclosure statement. See Myers I, pp. 7-8, 74 So.3d 677-78; In re: Sanborn, p. 4, 50 So.3d at 1281. We further find that Respondent’s violation of the reporting rule was “willful and knowing” under Rule XXXIX, Section 4(F)(8), as Respondent stipulated before the hearing officer. There can be no doubt that Respondent knew or should have known of the need to file her 2010 Statement in a timely manner given her involvement in prior proceedings before this court | ^concerning her failure to file her 2009 Statement timely. Indeed, we found that Respondent’s failure to file her 2009 Statement timely was a “willful and knowing” violation of the rule. Myers I, pp. 8-9, 74 So.3d 678-79. As we pointed out in Respondent’s prior case before this court, the financial disclosure form required of justices of the peace by Rule XXXIX is quite short and simple, and would have taken a minimal amount of time to complete. Accordingly, we conclude Respondent acted in bad faith and, therefore, her conduct was a willful and knowing violation of Rule XXXIX.
We next decide the appropriate penalty for Respondent’s failure to file timely her financial disclosure statement under Rule XXXIX for 2010. In Myers I, we imposed a civil penalty of $500 for Respondent’s failure to timely file her 2009 Statement. Because this is Respondent’s second violation of the financial disclosure rule, we find that a civil penalty of $1,500 is appropriate.
CONCLUSION
We find the record establishes by clear and convincing evidence that Justice of the Peace Myers failed to comply with the financial disclosure requirement of Rule XXXIX, thereby subjecting her to a civil monetary penalty. We further find that her failure to comply with the financial disclosure requirement was willful and knowing. Accordingly, it is ordered that Justice of the Peace Myers pay a civil penalty to the State of Louisiana, Judicial *683 Branch, in the amount of $1,500.00, no later than thirty days from the finality of this judgment.