# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #051

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **15th day of October, 2014**, are as follows:

**BY GUIDRY, J.**:

2014-O -1528     IN RE: JUSTICE OF THE PEACE STACIE P. MYERS DISTRICT 4, POINTE COUPEE PARISH STATE OF LOUISIANA

Accordingly, Justice of the Peace Myers is ordered suspended from judicial office without pay for twelve months, with six months deferred conditioned on her filing the requisite sworn annual financial statements for years 2007, 2008, and 2009 within three months of the date of this judgment. Justice of the Peace Myers is further ordered to reimburse and pay to the Commission $246.70 in costs.

SUPREME COURT OF LOUISIANA

No. 2014-O-1528

IN RE: JUSTICE OF THE PEACE STACIE P. MYERS
DISTRICT 4, POINTE COUPEE PARISH,
STATE OF LOUISIANA

JUDICIARY COMMISSION OF LOUISIANA

**GUIDRY, Justice**

This matter arises from a recommendation of the Judiciary Commission of Louisiana ("Commission") regarding the failure of Justice of the Peace Stacie P. Myers, Point Coupee Parish, District 4, to file a sworn annual financial statement with the Louisiana Legislative Auditor in accordance with La. Rev. Stat. 24:514 for calendar years 2007, 2008, and 2009. We find the record establishes by clear and convincing evidence that Justice of the Peace Myers failed to comply with the filing requirement of La. Rev. Stat. 24:514, thereby subjecting her to discipline. After considering the facts, circumstances, and applicable law, Justice of the Peace Myers is ordered suspended without pay for twelve months, with six months deferred conditioned on her filing the requisite sworn annual financial statements for years 2007, 2008, and 2009 within three months of the date of this judgment. Justice of the Peace Myers is further ordered to reimburse and pay to the Commission $246.70 in costs.

FACTS and PROCEDURAL HISTORY

In lieu of undergoing a formal audit, La. Rev. Stat 24:514, and more specifically La. Rev. Stat. 24:513(J)(1)(c)(i)(cc), requires justices of the peace to file a sworn annual financial statement with the Louisiana Legislative Auditor by March 31st of each year for the previous calendar year. Officials who fail to file

timely financial statements are notified by letter that their names have been placed on a noncompliance list. According to a database maintained by the Legislative Auditor, respondent failed to file her annual financial statement for the calendar years ending on December 31, 2007, December 31, 2008, and December 31, 2009. As of May 2013, when the hearing was held in this matter, respondent was still out of compliance for the years 2007, 2008, and 2009.

In November 2010, New Orleans television station WDSU-TV reported on its website that the Legislative Auditor had compiled a noncompliance list of elected officials who had failed to file the sworn annual financial statements required by Louisiana law. This list included respondent and indicated she had failed to submit financial statements for the years 2007, 2008, and 2009. In December 2010, the Chief Executive Officer of the Commission authorized the Office of Special Counsel to open a file regarding respondent based on the news report.

Respondent did not respond to inquiry letters from the Special Counsel sent in March 2011 and October 2011 regarding her failure to submit her financial statements. After providing the requisite notice of investigation to respondent, the Commission filed a Formal Charge against her in December 2012. The Formal Charge alleged that by her failure to file her sworn annual financial statements with the Legislative Auditory, and by continuing to fail to file such reports despite notice to her that she was out of compliance with her statutory duty, respondent violated Canons 1 (a judge shall uphold the integrity and independence of the judiciary) and 2A (a judge shall respect and comply with the law) of the Code of Judicial Conduct and La. Const. art. V, § 25(C). Respondent failed to file an answer to the Formal Charge.

A hearing officer was appointed to conduct proceedings in this matter pursuant to Supreme Court Rule XXIII, § 29. The hearing officer convened a hearing on May 6, 2013. Though she was personally served with a subpoena for her presence at the hearing, respondent did not attend the hearing and was not represented by counsel. She was, however, reached by telephone shortly before the start of the hearing, at which time she stated that she would not be present "because of transportation issues." The hearing then proceeded without respondent.

Following the hearing, the hearing officer filed findings of fact and conclusions of law with the Commission. Thereafter, the Commission established a briefing schedule, as required by Supreme Court Rule XXIII, § 29, and ordered respondent to appear on September 20, 2013, for questioning by the Commissioners. Respondent did not file a brief and she failed to appear before the Commission as ordered. On July 16, 2014, the Commission filed its recommendation in this court, finding that the Formal Charge was proven by clear and convincing evidence and recommending that respondent be suspended without pay for six months.

DISCUSSION

This court is vested with exclusive original jurisdiction in judicial disciplinary proceedings by La. Const. art. 5, § 25(C), which provides, in pertinent part:

> On recommendation of the judiciary commission, the supreme court may censure, suspend with or without salary, remove from office, or retire involuntarily a judge for willful misconduct relating to his official duty, willful and persistent failure to perform his duty, persistent and public conduct prejudicial to the administration of justice that brings the judicial office into disrepute, conduct while in office which would constitute a felony, or conviction of a felony.

This court makes determinations of fact based on the evidence in the record and is not bound by, nor required to give any weight to, the findings and recommendations of the Judiciary Commission. *In re: Quirk*, 97-1143 pp. 3-4 (La. 12/12/97), 705 So.2d 172, 176.

In addition to the substantive grounds for disciplinary action listed in the Louisiana Constitution, this court, in accordance with its supervisory authority over all lower courts, has adopted the Code of Judicial Conduct, effective January 1, 1976, and amended July 8, 1996. The Code of Judicial Conduct is binding on all judges, including justices of the peace, and violations of the Canons contained therein may serve as a basis for the disciplinary action provided for by La. Const. art. V, § 25(C). *In re: Quirk*, 97-1143 at 4, 705 So.2d at 176.

Adopting the findings of fact and conclusions of fact and law set forth by the Commission, we find the record establishes by clear and convincing evidence that Justice of the Peace Myers failed to comply with the filing requirement of La. Rev. Stat. 24:514, thereby violating the Code of Judicial Conduct and subjecting her to discipline under La. Const. art. V, § 25(C). By failing to file her financial statements with the Legislative Auditor for the years 2007, 2008, and 2009, respondent failed to personally observe high standards of conduct so that the integrity and independence of the judiciary may be preserved, in violation of Canon 1 of the Code of Judicial Conduct. In order to "personally observe high standards of conduct," a judicial officer must at the very least comply with the law. The Louisiana Legislature has mandated that all justices of the peace, in lieu of undergoing an audit, submit financial statements to the Legislative Auditor. La. Rev. Stats. 24:513 and 514. The purpose for submitting financial statements is to ensure the integrity and protect the independence of justices of the peace in their handling of public funds. Thus, respondent failed to personally observe high

standards of conduct by failing to follow a law designed to uphold the integrity and independence of her judicial office. In addition, respondent's non-compliance was documented by the Legislative Auditor and publicized by WDSU-TV in a report on its website.

Respondent also failed to respect and comply with the law and acted in a manner that does not promote public confidence in the integrity and impartiality of the judiciary, in violation of Canon 2A. More specifically, the negative publicity generated did not "promote public confidence in the integrity and impartiality of the judiciary" and thus constitutes a clear violation of Canon 2A.

Likewise, by failing to file her financial statements as required by law for three consecutive years, respondent's conduct rises to the level of willful misconduct relating to her official duty and willful and persistent failure to perform her duty, in violation of La. Const. art. V, § 25(C). Respondent's official duty, as set by La. Rev. Stat. 24:513 and 514, includes filling out an annual financial statement and returning it to the Legislative Auditor prior to March 31st every year. Respondent failed to do so for the years 2007, 2008, and 2009, thereby creating the potential for serious harm to the public. Although there has been no allegation respondent has engaged in financial fraud or misconduct, the financial statement requirement exists to ensure transparency and completeness in accounting for public funds. Failure to complete the financial statements and properly file them creates the opportunity for negligence or even fraud and, at the very least, erodes confidence in public officials. Moreover, respondent has a history of failing to comply with the requirements of her office.[1] Her history of willful and knowing

---

[1] On October 25, 2011, this court imposed a $500 civil penalty upon respondent for her willful and knowing violation of the financial disclosure requirements of Supreme Court Rule XXXIX for calendar year 2009. *In re: Myers*, 11-0874 (La. 10/25/11), 74 So. 3d 672 ("*Myers I*"). On December 4, 2012, this court imposed a $1,500 civil penalty upon respondent for her willful and knowing violation of the financial disclosure requirements of Rule XXXIX for calendar year 2010. *In re: Myers*, 12-1500 (La. 12/4/12), 105 So. 3d 679 ("*Myers II*").

noncompliance with the financial disclosure requirements of Supreme Court Rule XXXIX shows that her failure to file her financial statement as required by the Legislative Auditor is not just a matter of forgetfulness or confusion; rather, it shows a pattern of misconduct which is both willful and persistent.

In recommending discipline, the Commission looked to the factors set forth by this court in *In re: Chaisson*, 549 So. 2d 259 (La. 1989).[2] We agree with and adopt the Commission's reasoning. Respondent's failure to file her sworn annual financial statements with the Legislative Auditor for 2007, 2008, and 2009 cannot be deemed an isolated event; rather, the acts of misconduct occurred repeatedly and constituted a willful and persistent pattern of misconduct. This pattern is further evidenced by the fact that respondent has twice been fined by this court for willfully and knowingly failing to comply with the financial disclosure requirements of Supreme Court Rule XXXIX for calendar years 2009 and 2010.

Although respondent's misconduct did not occur in the courtroom, it occurred in her official capacity as a justice of the peace for District 4 of Pointe Coupee Parish. Additionally, there is ample evidence respondent is aware of her misconduct, having received numerous notifications; however, she does not

---

[2] In *Chaisson*, this court, citing *Matter of Deming*, 108 Wash.2d 82, 736 P.2d 639, 659 (1987), set forth a non-exclusive list of factors a court may consider in imposing discipline on a judge:

> (a) whether the misconduct is an isolated instance or evidenced a pattern of conduct; (b) the nature, extent and frequency of occurrence of the acts of misconduct; (c) whether the misconduct occurred in or out of the courtroom; (d) whether the misconduct occurred in the judge's official capacity or in his private life; (e) whether the judge has acknowledged or recognized that the acts occurred; (f) whether the judge has evidenced an effort to change or modify his conduct; (g) the length of service on the bench; (h) whether there have been prior complaints about this judge; (i) the effect the misconduct has upon the integrity of and respect for the judiciary; and (j) the extent to which the judge exploited his position to satisfy his personal desires.

recognize the seriousness of her misconduct and has made absolutely no effort to change her conduct.

We agree with the Commission that respondent has shown an appalling level of indifference to the Judiciary Commission in its investigation and prosecution of this case. Respondent failed to respond to the Special Counsel's initial inquiry letters. She failed to file an answer to the Formal Charge. She failed to obey a duly issued and served subpoena to appear at the hearing before the Hearing Officer. She failed to file a post-hearing brief with the Commission, although she was given the opportunity to do so. Finally, respondent ignored the order of the Commission requiring her to appear before the Commissioners for questioning. Despite Commission proceedings, respondent continued to fail to file sworn financial statements for 2007, 2008, and 2009 and remained on the Legislative Auditor's noncompliance list through at least May 3, 2013.

Respondent has shown a flagrant disregard for the law, her duty to file her annual financial statements, and the orders of the Commission. Although she filed a financial statement with the Legislative Auditor for 2010, she did not file her 2012 report, which was due in March 2013, shortly after she was served with the Formal Charge in this case in January 2013.

Respondent has held her judicial office continuously since December 31, 2002; therefore, at the time this matter arose, in November 2010, respondent was not a new justice of the peace and should have been very familiar with her ethical obligations pursuant to the Code of Judicial Conduct and the Louisiana Constitution. Unfortunately, this justice of the peace has been the subject of prior complaints. *See* Note 1, *supra*.

As discussed in greater detail above, we find respondent's actions have harmed the integrity of and respect for the judiciary. There can be little doubt that

7

the failure of a justice of the peace to comply with laws intended to ensure the transparency and completeness in accounting for public funds creates the opportunity for negligence, or even fraud, and at a minimum erodes confidence in public officials. Finally, there is no indication respondent exploited her position to satisfy her personal desires, save for her desire not to be bothered with completing the minimal paperwork required to comply with the law. Nevertheless, in the absence of respondent filing the financial statements, we cannot say for certain whether she is exploiting her position to satisfy her personal desires.

Although the Commission recommended a six-month suspension without pay, as well as the payment of hard costs of $246.70, we find respondent's conduct merits a lengthier suspension of twelve months without pay. However, we will defer six months of that suspension on the condition that respondent file her delinquent financial statements within three months of the date of this judgment. Should respondent fail to file the financial statements as ordered, the remainder of the suspension shall become executory. Respondent is further ordered to reimburse and pay all hard costs to the Commission.

**DECREE**

Upon review of the findings and recommendation of the Judiciary Commission, and considering the record filed herein, we conclude Justice of the Peace Stacie P. Myers's conduct violated Canons 1 and 2(A) of the Code of Judicial Conduct, subjecting her to discipline pursuant to Art. V, Sect. 25(C) of the Louisiana Constitution. Accordingly, Justice of the Peace Myers is ordered suspended from judicial office without pay for twelve months, with six months deferred conditioned on her filing the requisite sworn annual financial statements for years 2007, 2008, and 2009 within three months of the date of this judgment.

Justice of the Peace Myers is further ordered to reimburse and pay to the Commission $246.70 in costs.