# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                    NEWS RELEASE #025

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **3rd day of May, 2016**, are as follows:

**BY WEIMER, J.:**

2016-O -0078     IN RE:  JUSTICE OF THE PEACE STACIE P. MYERS POINTE COUPEE
                 PARISH, DISTRICT 4 STATE OF LOUISIANA

                 For the foregoing reasons, it is ordered, adjudged, and decreed
                 that Respondent, Justice of the Peace Stacie P. Myers, District
                 4, Parish of Pointe Coupee, State of Louisiana, be, and is
                 hereby, removed from office for violating La. Const. art. V, §
                 25(C) and the Code of Judicial Conduct and that her office be,
                 and is hereby, declared to be vacant.  Further, Respondent is
                 ordered pursuant to La. Sup.Ct. Rule XXIII, § 26 to refrain from
                 qualifying as a candidate for judicial office for five years and
                 until certified by this court as eligible to become a candidate
                 for judicial office.  Finally, pursuant to La. Sup.Ct. Rule
                 XXIII, § 22, we cast Respondent with $288 in favor of the
                 Judiciary Commission of Louisiana for the costs incurred in the
                 investigation and prosecution of her case, which costs are in
                 addition to the penalties and costs previously imposed.
                 REMOVAL FROM JUDICIAL OFFICE ORDERED.

05/03/16

# SUPREME COURT OF LOUISIANA

## NO. 2016-O-0078

## IN RE: JUSTICE OF THE PEACE STACIE P. MYERS, POINTE COUPEE PARISH, DISTRICT 4, STATE OF LOUISIANA

*JUDICIARY COMMISSION OF LOUISIANA*

**WEIMER**, Justice.

This matter arises from a recommendation of the Judiciary Commission of Louisiana (Commission) for removal of a justice of the peace from office. This recommendation stems from the justice of the peace failing to comply with an order of this court to pay a civil penalty for violation of the financial reporting requirements imposed by law, and totally disregarding the actions and legal proceedings connected therewith. For the reasons set forth below, this court finds that the record establishes by clear and convincing evidence that the conduct of the justice of the peace, which was willful and deliberate, violated Canons 1 and 2(A) of the Code of Judicial Conduct, as well as the constitutional standard in La. Const. art. V, § 25(C). After considering the facts, circumstances, and applicable law, this court orders that she be removed from office, her office be declared vacant, and she be ordered to reimburse and pay the Commission $288 in costs incurred in the investigation and prosecution of this case in addition to any costs and penalties previously imposed.

**FACTS AND PROCEDURAL HISTORY**

Stacie P. Myers (Respondent), a non-attorney, assumed the office of Justice of the Peace, District 4, of Pointe Coupee Parish on December 31, 2002. Her current term is set to expire on December 31, 2020. On December 4, 2012, this court imposed a $1,500 civil penalty on Respondent for a willful and knowing violation of the financial reporting requirements of La. S.Ct. Rule XXXIX for calendar year 2010.[1] See **In re Myers**, 12-1500, p. 5, (La. 12/4/12), 105 So.3d 679, 682-83. Payment of this penalty was to be made no later than 30 days from the finality of the judgment.[2] See *id.*

Despite repeated efforts by the Commission to contact Respondent regarding payment after the expiration of the 30-day period, the penalty remained unpaid. A letter dated January 30, 2013 advised Respondent that the payment of the penalty was past due, and Respondent was provided with payment instructions. On April 4, 2013, she was notified that the penalty payment was delinquent and advised her that failure to pay would result in the initiation of contempt or disciplinary proceedings or both. Based on Respondent's continued failure to pay, the Office of Special Counsel (OSC) informed Respondent in July 2013 that the Commission had, on its own motion, opened a file in this matter. Then, in October 2013, Respondent was advised that an investigation had been authorized concerning her failure to comply with the December 4, 2012 court order.

---

[1] The first financial statements required of justices of the peace by La. S.Ct. Rule XXXIX were due for calendar year 2009, to be filed no later than May 15, 2010. As of February 27, 2014, Rule XXXIX no longer requires annual financial statements from justices of the peace.

[2] See La. C.C.P. art. 2167(A) and (B). The parties had 14 days to apply to this court for a rehearing–until December 18, 2012, regarding this court's judgment of December 4, 2012. Absent a timely filed request for rehearing, the decision of this court became final and definitive.

Respondent was subpoenaed by the Commission to give a sworn statement in this matter on February 10, 2014. Based on Respondent's failure to appear for the sworn statement,[3] the Commission filed a formal charge against her on October 24, 2014, alleging that her conduct violated La. Const. art. V, § 25(C)[4] and Canons 1[5] and 2(A)[6] of the Code of Judicial Conduct. Despite personal service of the formal charge, Respondent she did not file an answer.

Although a hearing subpoena was issued, Respondent did not attend the hearing before the hearing officer and was not represented by counsel.[7] Additionally, Respondent did not respond to the OSC's discovery requests and did not file a witness or exhibit list. The findings of fact and conclusions of law by the hearing officer are consistent with the facts previously recounted and resulted in a conclusion that Respondent violated Canons 1 and 2(A) of the Code of Judicial Conduct, as well as La. Const. art. V, § 25(C). Respondent was then ordered to appear before the

---

[3] Respondent also failed to respond to letters from the OSC dated July 12, 2013, December 18, 2013, and January 8, 2014.

[4] In pertinent part, La. Const. art. V, § 25(C) provides:

> On recommendation of the judiciary commission, the supreme court may censure, suspend with or without salary, remove from office, or retire involuntarily a judge for willful misconduct relating to his official duty, willful and persistent failure to perform his duty, persistent and public conduct prejudicial to the administration of justice that brings the judicial office into disrepute, conduct while in office which would constitute a felony, or conviction of a felony. On recommendation of the judiciary commission, the supreme court may disqualify a judge from exercising any judicial function, without loss of salary, during pendency of proceedings in the supreme court.

[5] In pertinent part, Canon 1 provides that "[a] judge … shall personally observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved."

[6] Canon 2(A) provides that "[a] judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

[7] Service information for the subpoena related to the hearing before the hearing officer is not in the record.

Commission on August 21, 2015, for questioning concerning this matter.[8] Respondent not only failed to appear before the Commission on that date, she also did not take advantage of the opportunity afforded to file a post-hearing brief with the Commission.

Subsequently, the Commission found that, despite being given adequate notice, Respondent failed to abide by the court order and deliberately chose not to participate in or explain her conduct at the hearing before the Commission. Based on her conduct, Respondent was found to have violated Canons 1 and 2(A) of the Code of Judicial Conduct and La. Const. art. V, § 25(C). After examining the factors set forth in **In re Chaisson**, 549 So.2d 259 (La. 1989),[9] the Commission (finding no middle ground for redressing Respondent's serious and persistent misconduct) concluded the appropriate sanction in this case was removal from office, as recommended by the OSC. The Commission also recommended that Respondent be ordered to reimburse and pay to the Commission $288 in hard costs. Upon the filing of its recommendation

---

[8] The order was sent to Respondent's address by both certified and first class mail. The mailing sent by certified mail was signed for by Respondent on July 20, 2015. The mailing sent by first class mail was not returned to the Commission. Any question regarding the lack of proof as to notice of the hearing before the hearing officer concerning the service of the related subpoena is remedied by the proof of notice of the subsequent proceedings before the Commissions.

[9] In **In re Chaisson**, this court approved a non-exclusive list of factors to be considered in disciplining a judge:

> (a) whether the misconduct is an isolated instance or evidenced a pattern of conduct; (b) the nature, extent and frequency of occurrence of the acts of misconduct; (c) whether the misconduct occurred in or out of the courtroom; (d) whether the misconduct occurred in the judge's official capacity or in his private life; (e) whether the judge has acknowledged or recognized that the acts occurred; (f) whether the judge has evidenced an effort to change or modify his conduct; (g) the length of service on the bench; (h) whether there have been prior complaints about this judge; (i) the effect the misconduct has upon the integrity of and respect for the judiciary; and (j) the extent to which the judge exploited his position to satisfy his personal desires.

**In re Chaisson**, 549 So.2d at 266 (quoting **Matter of Deming**, 736 P.2d 639, 659 (Wash. 1987)).

4

in this court, the matter was set on this court's docket for oral argument pursuant to La. S.Ct. Rule XXIII, § 14. Respondent did not file a brief or attend oral argument.

## DISCUSSION

Article V, § 25(C)[10] of the Louisiana Constitution vests this court with exclusive original jurisdiction in judicial disciplinary proceedings and provides the substantive grounds for disciplinary action against a judge. **In re Freeman**, 08-1820, p. 10 (La. 12/2/08), 995 So.2d 1197, 1204. A justice of the peace is also governed by the same constitutions and laws that govern all courts and judges of this state. **In re Justice of the Peace Alfonso**, 07-0120, p. 7 (La. 5/22/07), 957 So.2d 121, 125. Pursuant to its supervisory authority, this court adopted the Code of Judicial Conduct, which is binding on all judges, including justices of the peace.[11] See **In re Justice of the Peace Cook**, 05-0783, p. 5 (La. 6/29/05), 906 So.2d 420, 424. The Code of Judicial Conduct supplements the constitution's substantive grounds for disciplinary action against a judge. **In re Freeman**, 08-1820 at 10, 995 So.2d at 1204.

A review of the record establishes by clear and convincing evidence[12] that Respondent failed to comply with the December 4, 2012 order of this court, repeatedly disregarded numerous efforts by the Commission to resolve this matter, and intentionally chose not to participate in these disciplinary proceedings. Respondent's noncompliance with the court order was "willful and knowing" as found by the Commission. There can be no doubt that Respondent knew or should have known

---

[10] Quoted *supra*.

[11] An unnumbered section of the code entitled "Compliance with the Code of Judicial Conduct" provides that "anyone, whether or not a lawyer …who is a justice of the peace, is a judge for the purpose of the Code," and that "[a]ll judges shall comply with th[e] Code."

[12] Before this court can impose discipline, the charge against a judge must be proven by clear and convincing evidence. **In re Johnson**, 04-2973, p. 7 (La. 6/3/05), 903 So.2d 408, 413.

of the need to abide by the order of this court requiring payment of the $1,500 penalty.[13]  Respondent also made a conscious, purposeful choice not to claim mail that she knew came from the Commission.  In sum, while acting in her official capacity as a justice of the peace, Respondent decided to violate a court order and ignored the Commission following her failure to comply with the law.

By refusing to comply with this court's December 4, 2012 order and her total disregard for the efforts of the OSC and Commission to obtain compliance therewith, Respondent did not "observe ... high standards of conduct" as required by Canon 1 of the Code of Judicial Conduct.  By her conduct she also failed to "respect and comply with the law" or "act ... in a manner that promotes public confidence in the integrity … of the judiciary" as required by Canon 2(A) of the Code of Judicial Conduct.  Respondent's noncompliance with the order of this court requiring payment of the $1,500 penalty and her refusal to participate at any stage in the instant disciplinary proceedings also amounts to "willful misconduct relating to [her] official duty" and "willful and persistent failure to perform [her] duty."  See La. Const. art. V, § 25(C).  Respondent's conduct also constitutes "persistent public conduct prejudicial to the administration of justice that brings the judicial office into disrepute."  *Id*.  Accordingly, Respondent violated La. Const. art. V, § 25(C) and the Code of Judicial Conduct Canons 1 and 2(A).

Relative to discipline, the Commission has recommended that Respondent be removed from judicial office.[14]  A review of the facts and circumstances in this case

---

[13] "Wilful disobedience of any lawful judgment, order, mandate, writ, or process of the court" constitutes a constructive contempt of court.  La. C.C.P. art. 224.

[14] This court's authority to remove a judicial officer from office can be invoked only upon the Commission's recommendation.  La. Const. art. V, § 25(C); see **In re Hunter**, 02-1975, p. 11 (La. 8/19/02), 823 So.2d 325, 333.

supports the Commission's recommendation of removal from office as an appropriate sanction in this case.

As observed by the Commission, Respondent, who had been in office for approximately 10 years when this matter arose, was previously sanctioned by this court three times for failing to comply with the laws governing financial reporting related to the office she holds.[15] Her noncompliance with one of those sanctions–a December 4, 2012 order of this court to pay a civil penalty in the amount of $1,500–prompted multiple attempts by the Commission to collect the penalty, an investigation, the filing of a formal charge, and the disciplinary proceedings currently before this court. In light of her deliberate noncompliance with the December 4, 2012 court-ordered penalty and her intentional disregard of the correspondence, notices, subpoenas, and legal proceedings related to her noncompliance with that order,[16] this court is convinced that Respondent's repeated failure to comply with the December 4, 2012 order of this court will not be remedied.

Extremely troubling is the fact that Respondent has continued to exhibit blatant disregard for financial reporting requirements for her office imposed by law, an order of this court, and the numerous efforts by the Commission to enforce the court-ordered penalty. Unfortunately, the complete abrogation of her responsibility leaves this court without a choice.

---

[15] See **In re Myers**, 12-1500 at 4-5, 105 So.3d at 682-83 (assessed a $1,500 penalty for her second willful and knowing violation of Rule XXXIX); **In re Myers**, 11-0874, pp. 8-10 (La. 10/25/11), 74 So.3d 672, 678-79 (assessed a $500 penalty for her first willful and knowing violation of La. S.Ct. Rule XXXIX); **In re Myers**, 14-1528, p. 8 (La. 10/15/14), 156 So.3d 11, 14 (suspended from office without pay for 12 months for failing to file sworn annual financial statements with the Louisiana Legislative Auditor, as required by La. R.S. 24:514, for the calendar years 2007, 2008, and 2009).

[16] Respondent failed to: (1) respond to three letters from the OSC, (2) comply with a subpoena to appear for a sworn statement, (3) file an answer to the formal charge, (4) respond to OSC's discovery requests, (5) file a witness or exhibit list, (6) appear for the hearing before the hearing officer, (7) appear for post-hearing proceedings before the Commission, and (8) file a post-hearing brief with the Commission, although she was given the opportunity to do so.

A judicial officer who refuses to abide by the law and refuses to comply with a court order is not worthy of holding the title of judge and sitting in judgment of others. A judgment issued by a judicial officer who refuses to respect the law or an order of a court will not be respected. Allowing a judicial officer, who refuses to follow the law and to abide by an order of this court, to remain in office would be a disservice to the public, to the litigants that appear before that judicial officer, and to our system of justice. Multiple opportunities have been afforded to this justice of the peace to avoid this result. However, she has failed to provide an explanation for her recalcitrance to consider in mitigation. This court cannot countenance a judicial officer who, although given every opportunity to avoid being sanctioned, ignored all attempts to resolve this matter. Respondent's misconduct is so prejudicial to the administration of justice that she cannot be allowed to remain on the bench. Any discipline less than removal would undermine the judicial discipline process and diminish the integrity of the judiciary.[17]

In making the determination that the most severe sanction is necessary, this court is mindful that "removal of a judge is a task we pursue cautiously, and only after painstaking evaluation and careful contemplation, remembering that the electorate can only be served by those who are faithful to the solemn oath of office, the constitution, and the Canons of the Code of Judicial Conduct." See **In re Hughes**, 03-3408, p. 61 (La. 4/22/04), 874 So.2d 746, 788. Notably, Respondent has been holding this position without the ability to serve the public due to the 12-month suspension ordered

---

[17] See **In re Huckaby**, 95-0041 at 7-8, 656 So.2d at 296-97.

by this court on October 15, 2014.[18]  Although given the opportunity to purge herself of this barrier to serving, Respondent chose otherwise.[19]

As found by the Commission, consideration of the **Chaisson** factors supports a determination that removal is the appropriate sanction in this judicial discipline matter, as Respondent's conduct violated Canons 1 and 2(A) of the Code of Judicial Conduct and constituted a "willful and persistent failure to perform [her] duty" and "persistent and public conduct prejudicial to the administration of justice that brings the judicial office into disrepute" in violation of La. Const. art. V, § 25(C).

## DECREE

For the foregoing reasons, it is ordered, adjudged, and decreed that Respondent, Justice of the Peace Stacie P. Myers, District 4, Parish of Pointe Coupee, State of Louisiana, be, and is hereby, removed from office for violating La. Const. art. V, § 25(C) and the Code of Judicial Conduct and that her office be, and is hereby, declared to be vacant.  Further, Respondent is ordered pursuant to La. Sup.Ct. Rule XXIII, § 26[20] to refrain from qualifying as a candidate for judicial office for five years

---

[18]  See **In re Myers**, 14-1528 at 8, 156 So.3d at 14.

[19]  Relative to the 12-month suspension, six months could have been deferred had Respondent filed the delinquent financial statements within the three-month window afforded by the court.  See **In re Myers**, 14-1528 at 8, 156 So.3d at 14.  Because she failed to do so, the deferred portion of the suspension was later made executory.  See **In re Myers**, 14-1528, p. 3 (La. 6/17/15), 166 So.3d 242, 243.

[20]  In pertinent part, La. Sup.Ct. Rule XXIII, § 26 provides:

> Any former judge who has been removed from office by the Supreme Court pursuant to La. Const. Art. V § 25 (C) cannot and is prohibited from qualifying to become a candidate for any judicial office until certified eligible by this Court.  A judge who has been removed from office shall not be eligible to seek certification for eligibility to qualify for judicial office if (1) he or she was removed from office after being convicted of any felony or a misdemeanor involving moral turpitude, or after the Court has determined that he or she has engaged in conduct that would constitute a felony, whether or not there was a conviction, and (2) the Court states in its order of removal that the judge is permanently barred from seeking future judicial office.  In the event the Court does not permanently prohibit the former judge from seeking future judicial office, the judge may, as provided hereafter, apply to the Judiciary Commission for a recommendation to the Court that the

9

and until certified by this court as eligible to become a candidate for judicial office.

Finally, pursuant to La. Sup.Ct. Rule XXIII, § 22,[21] we cast Respondent with $288 in favor of the Judiciary Commission of Louisiana for the costs incurred in the investigation and prosecution of her case, which costs are in addition to the penalties and costs previously imposed.

**REMOVAL FROM JUDICIAL OFFICE ORDERED**.

---

removed judge be declared eligible to qualify for judicial office.

(a) Not before and only after five years from the date the Court's order of removal became final, the former judge (hereinafter "respondent") may file a Petition for Reinstatement of Eligibility to Qualify for a Judicial Office (hereafter "the petition") with the Judiciary Commission of Louisiana. The petition shall contain the respondent's arguments why the reinstatement of eligibility is appropriate under this rule. The respondent bears the burden of proving his/her eligibility by clear and convincing evidence.

[21] La. Sup.Ct. Rule XXIII, § 22 provides:

The office of special counsel shall file an itemized cost statement with the judiciary commission in any case in which the commission convenes a hearing. In cases where the commission recommends the discipline of a judge, the commission shall review counsel's cost statement and shall recommend to the court that all or any portion of the costs incurred by the office of special counsel, as well as costs the commission has incurred, be taxed against the judge. The commission's recommendation shall be included in the record filed in this court in the form of an itemized cost statement. The court, in its discretion, may tax all or any portion of the costs recommended by the commission.

10